UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>                            Plaintiff,<br><br>    vs.<br><br>CYNTHIA A. BASHANT, Judge, ROBERT S. HUIE, Judge, TODD W. ROBINSON, Judge, ANDREW G. SCHOPLER, Judge, BERNARD G. SKOMAL, Judge, MICHELLE M. PETTIT, Judge, DAVID D. LESHNER, Judge, JAMES E. SIMMONS, Judge, JINSOOK OHTA, Judge, and JOHN DOES 1-1000,<br><br>                            Defendants. | Case No.: 24cv2363-WQH (MSB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)-(2)** |

HAYES, Judge:

　　Plaintiff Steven Wayne Bonilla, currently incarcerated at the California Medical Facility in Vacaville, California, and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 seeking to invalidate his Alameda County criminal judgment and sentence, along with a request for judicial notice which repeats the

allegations that his conviction is invalid.  (ECF Nos. 1 & 2.)  Bonilla has neither paid the $405 civil filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  Bonilla is a serial vexatious litigant, and he once again contends that a judge of this Court has erred by failing to invalidate his Alameda County criminal judgment and sentence in Case No. C-02-0636 MHP.[1]  (*See* ECF No. 1 at 2–3.)

I.     **Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

While "the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' ... the PLRA [Prison Litigation Reform Act] amended

---

[1] In 2024 alone, Bonilla filed over a dozen civil rights cases in this Court attacking the validity of his 1995 conviction and was told repeatedly, as he is again below, that presenting such claims in this Court in a civil rights action is frivolous.  *See, e.g.*, *Bonilla v. Meza et al.*, So.Dist.Cal. Civil Case No. 24cv0186-WQH (BGS) (Order filed 3/18/24 [ECF No. 8]); *Bonilla v. Schopler et al.*, So.Dist.Cal. Civil Case No. 24cv0205-JAH (DDL) (Order filed 2/26/24 [ECF No. 2]); *Bonilla v. McConnell et al.*, So.Dist.Cal. Civil Case No. 24cv0208-WQH (MMP) (Order filed 3/18/24 [ECF No. 6]); *Bonilla v. People of the State of California*, So.Dist.Cal. Civil Case No. 24cv681-JES (KSC) (Order filed 4/19/24 [ECF No. 2]); *Bonilla v. Fourth App. Dist. Ct.*, So.Dist.Cal. Civil Case No. 24cv0925-JO (KSC) (Order filed 8/19/24 [ECF No. 2]); *Bonilla v. San Diego Cnty. Superior Ct. et al.*, So.Dist.Cal. Civil Case No. 24cv1002-WQH (LR) (Order filed 6/24/24 [ECF No. 2]); *Bonilla v. Hayes et al.*, So.Dist.Cal. Civil Case No. 24cv1003-BTM (VET) (Order filed 6/24/24 [ECF No. 3]); *Bonilla v. Schopler et al.*, So.Dist.Cal. Civil Case No. 24cv1036-MMA (LR) (Order filed 7/15/24 [ECF No. 2]); *Bonilla v. Meza et al.*, So.Dist.Cal. Civil Case No. 24cv1931-RBM (KSC) (Order filed 10/25/24 [ECF No. 3]); *Bonilla v. Ohta et al.*, So.Dist.Cal. Civil Case No. 24cv1941-DMS (DDL) (Order filed 12/6/24 [ECF No. 6]); *Bonilla v. Simmons et al.*, So.Dist.Cal. Civil Case No. 24cv1944-TWR (BLM) (Order filed 10/29/24 [ECF No. 3]); *Bonilla v. Sammartino et al.*, So.Dist.Cal. Civil Case No. 24cv1961-WQH (KSC) (Order filed 11/22/24 [ECF No. 5]); *Bonilla v. U.S. Dist. Ct. et al.*, So.Dist.Cal. Civil Case No. 24cv1982-WQH (DDL) (Order filed 11/14/24 [ECF No. 8]).

the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 767 (9th Cir. 2023) (quoting 28 U.S.C. § 1915(b)(1)). To proceed IFP, prisoners must submit an affidavit of all assets they possess and a certified copy of a trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1)–(2). Using this financial information, the court "shall assess and when funds exist, collect," an initial partial filing fee based on the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account over the 6-month term, with the remainder of the fee to be paid in monthly payments. 28 U.S.C. § 1915(b)(1)–(2). Plaintiff has failed to submit an IFP motion or any of the required financial information.

While the Court would typically grant a prisoner leave to file an IFP motion, Bonilla has abused that privilege many times in the past and is precluded from doing so now unless he faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017) ("A negative consequence that may impact a prisoner who files a frivolous complaint is a restriction on his ability to file future cases without prepaying filing fees.") Pursuant to § 1915(g), a prisoner with three "strikes," *i.e.*, prior civil cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, cannot proceed IFP absent a showing of imminent danger. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Bonilla is one of those prisoners who makes no plausible allegations of imminent danger. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 *pro se* § 1983 civil rights actions between June 1 and October 31, 2011, alone, which were dismissed "because the allegations in the complaints do not state a claim for relief under § 1983"); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C.

1  § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action.").

## II.     Initial Screening per 28 U.S.C. § 1915A(b)

Even if Bonilla paid the full filing fee or were eligible to proceed IFP, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires *sua sponte* dismissal of prisoner complaints, or any portions of them, which are frivolous, malicious or fail to state a claim upon which relief may be granted, and those that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015).  "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal quotation marks omitted).

Bonilla's challenge to the validity of his conviction and sentence fails to state a claim in this action because a habeas corpus action is his sole federal remedy, and a lawsuit under 42 U.S.C. § 1983 is inappropriate.  *See Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence ...."); *see also Hamilton v. Brown*, 630 F.3d 889, 892 n.1 (9th Cir. 2011) ("At the screening stage, the court must dismiss the complaint or any portion thereof that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief.") (quoting 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (if an action is frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").  As noted above, Plaintiff has had these same claims dismissed as frivolous over a dozen times this year alone.  A district court may dismiss as frivolous a complaint "that merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

### III. Conclusion and Order

The Court: (1) **DISMISSES** this civil action based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a); (2) **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)–(2); and (3) **DIRECTS** the Clerk of the Court to close the case and accept no further filings in this matter except a timely-filed Notice of Appeal, which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: January 8, 2025

Hon. William Q. Hayes
United States District Court